UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| PAT & CHARLOTTE WATERS<br>     Plaintiffs, | §<br>§<br>§ |
| VS. | §     CIVIL ACTION NO.:4:23-CV-911-O |
| | § |
| NATIONWIDE GENERAL<br>INSURANCE COMPANY<br>     Defendant. | §<br>§<br>§<br>§ |

**PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION**

TO THE HONORABLE JUDGE AND JURY OF SAID COURT:

COMES NOW, MATT RANDALL (herein "Plaintiffs"), and files this Plaintiffs' Original Petition complaining of Defendant STATE FARM LLOYDS, (herein or "Defendant"), and for cause of action shows the Court the following:

### I.     PARTIES

1.    Plaintiffs, PAT WATERS and CHARLOTTE WATERS ("Plaintiffs"), are individuals who resides in Wise County, Texas.

**2.**    Defendant NATIONWIDE GENERAL INSURANCE COMPANY ("Defendant") is a Domestic insurance company engaged in the business of insurance in the State of Texas and based in Illinois. Defendant has appeared and answered.

### II.     JURISDICTION AND VENUE

3.    This Court has jurisdiction based on diversity jurisdiction as codified under 28 U.S.C. § 1332.

4.    This Court has jurisdiction over Defendant because this Defendant is an insurance company which has purposefully availed itself to the jurisdiction of the State of Texas by engaging

in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this Defendant's business activities in the State of Texas.

5. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(2).

### III. FACTS

6. Plaintiffs purchased a policy from Defendant, insuring Plaintiffs' property against certain losses. The Policy number was 7842HR013548 (hereinafter referred to as "the Policy")

7. Plaintiffs maintains an insurable interest in the insured property, which is located at 2201 Ridgewood Drive Bridgeport, Texas 76426, (hereinafter referred to as "the Property").

8. On or about September 22, 2021, The Property sustained serious structural damage as a result of a covered loss under The Policy (the "Covered Loss Event"). Specifically, the Property was damaged as a result of severe hail and wind storm. Shortly thereafter, Plaintiffs made a claim and demand for payment on Defendant for damages to the Property and other damages covered by the terms of the Policy (the "Claim"). The subject claim number is 913910-GM.

9. Plaintiffs retained a public adjuster, who contacted Defendant on or about January 24, 2022, to report the claim.

10. On February 4, 2022, the insurer contacted Plaintiff Pat Waters directly regarding hail damage. On February 6, 2022, without contacting Plaintiff's public adjuster, Defendant's field adjuster conducted an initial estimate, and found no wind or hail damage.

11. On April 12, 2022, the public adjuster's agent contacted Defendant regarding the claim status.

12. On June 6, 2022, Defendant re-opened the claim.

13. On June 14, 2022, Plaintiffs' public adjuster forwarded a signed and sworn proof of loss.

14.     On June 29, 2022, assigned a third-party engineer to perform an inspection.

15.     On July 202, 2022, Defendant sent the engineering report, finding that the roof and shed were not damaged by hail impacts, but admitted that hail impacts were present on the gutters and downspouts and wrote an estimate with a replacement cost value of $5,996.45.

16.     On October 17, 2022, CASA Engineering prepared a report that concluded that there was substantial evidence of recent hailstorms, resulting in granule loss, and that accordingly the damaged shingles needed to be replaced.

### IV.     CAUSE OF ACTION AGAINST DEFENDANT – NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE

17.     Plaintiffs replead all of the material allegations above set forth in Paragraphs 1-16 and incorporate the same herein by this reference as if here set forth in full.

18.     Defendant misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §§541.060(a)(1).

19.     Defendant failed to make an attempt to settle Plaintiffs' claim in a fair manner, although it was aware of its liability to Plaintiffs under the Policy.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a)(2)(A).

20.     Defendant failed to explain to Plaintiffs the reasons for an inadequate settlement. Furthermore, Defendant did not communicate that any future settlements of payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any

explanation for the failure to adequately settle Plaintiffs' claim. Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices, TEX. INS. CODE §541.060(a)(3).

21. Defendant failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

22. Defendant refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

23. Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

24. Defendant failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

25. Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date Plaintiffs has not received full payment for the claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

## V.     CAUSE OF ACTION AGAINST DEFENDANT – FRAUD

26. Plaintiffs replead all of the material allegations above set forth in Paragraphs 1-25 and incorporate the same herein by this reference as if here set forth in full.

27. Defendant is liable to Plaintiffs for common law fraud.

28. Defendant represented in its policy that damages resulting from a covered loss such as this claim would be insured. Plaintiffs, to Plaintiffs' detriment, purchased Defendant's policy in exchange for a benefit Defendant knew the Plaintiffs would not receive. Plaintiffs further relied to Plaintiffs' detriment upon the false, fraudulent, and deceptive acts and practices employed by Defendant, in performing an inspection, investigation and evaluation of Plaintiffs' claim. Plaintiffs was not knowledgeable in the manner and scope required to investigate such a loss, nor knowledgeable in insurance loss coverage issues and were not aware of the deceptive, fraudulent practices which required that they hire an independent adjuster after the delays and failure to provide the promises adjusting services were discovered. Defendant, based upon its experience, special knowledge of structural loss issues resulting from covered losses such as this one and insurance coverage issues were able to deceive Plaintiffs into believing that the property damage loss would be competently investigated by a qualified, ethical and experienced adjuster and that the loss would be properly, fairly and in good faith evaluated and assessed and the claim paid.

29. Plaintiffs was unaware that all such representations and conduct relating to the investigation and handling of the claim were performed with the intent and purpose to defraud, take advantage of and deny and/or undervalue the property losses sustained by Plaintiffs. Plaintiffs was unaware that all such representations and conduct relating to the investigation and handling of the claim were performed with the intent and purpose to defraud, take advantage of and deny and/or undervalue the property losses sustained by Plaintiffs. Plaintiffs relied to its detriment on

such actions and representations resulting in the losses and damages complained of herein. Plaintiffs sought representation of the undersigned counsel in an attempt to expedite the resolution of this claim dispute without unnecessary litigation. However, Defendant has recalcitrantly failed to pay funds which are owed on this claim in which Defendant's liability to pay is clear. This undue expense and delay was solely incurred due to the acts of Defendant in failing to perform the duties what it was required to perform Texas Insurance Code and the contract of insurance

30. The conduct of Defendant has prolonged Plaintiffs' hardship of restoring the damaged home and increased the expense of relocation and alternative living arrangements. Defendant knew at the time the misrepresentations and fraudulent conduct occurred (as described above) that the representations contained in the estimate of loss were untrue and communicated those representations to Plaintiffs which were false. Each and every one of the representations and deceptive acts and practices, as described above, and those stated in this paragraph, concerned representations and falsehoods relating to material facts for the reason that absent such representations, Plaintiffs would not have acted as Plaintiffs did, and which Defendant knew were false or made recklessly without any knowledge of their truth as a positive assertion.

31. Defendant made statements and performed actions with the intention to manipulate Plaintiffs to act as Plaintiffs did, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

## VI.   CAUSE OF ACTION AGAINST DEFENDANT – CONSPIRACY TO COMMIT FRAUD

32. Plaintiffs replead all of the material allegations above set forth in Paragraphs 1-31 and incorporate the same herein by this reference as if here set forth in full.

33. Defendant is liable to Plaintiffs for conspiracy to commit fraud. Defendant, through its relationships with adjusters, and/or third-party claims adjusting firms, was a member of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendant committed an unlawful, overt act to further the object or course of action. Plaintiffs suffered injury as a proximate result. Plaintiffs does not seek damages from conspirators other than Defendant, but reserves the right to amend this pleading.

## VII.   CAUSES OF ACTION AGAINST DEFENDANT – BREACH OF CONTRACT/DUTY OF GOOD FAITH AND FAIR DEALING

34. Plaintiffs replead all of the material allegations above set forth in Paragraphs 1-33 and incorporate the same herein by this reference as if here set forth in full.

35. Defendant is liable to Plaintiffs for intentional breach of contract, and intentional breach of the common law duty of good faith and fair dealing.

36. Defendant's conduct constitutes a breach of the insurance contract made between Defendant and Plaintiffs.

37. Defendant's failure and/or refusal, as described above, to pay the adequate and just compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant's insurance contract with Plaintiffs.

38. Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## VIII.   CAUSES OF ACTION AGAINST DEFENDANT – RESPONSIBILITY FOR ACTS

## OF AGENTS AND RATIFICATION OF ACTS

39. The Adjuster and/or adjusters, whose conduct is referenced herein and above, was acting as an agent of Defendant at all material times made the basis of Plaintiffs' Claims and such acts of commission and omission in the handling of Plaintiffs' claim, including inspections, adjustments, and aiding in the adjustment of the loss were committed for or on behalf of Defendant, the insurer. TEX.INS.CODE §4001.051.

40. Separately, and/or in the alternative, as referenced and described above, Defendant ratified the actions and conduct of Defendant Adjuster including the manner in which they discharged or failed to properly discharge their duties under the common law and applicable statutory laws and regulations.

## IX. KNOWLEDGE AND INTENT

41. Each of the acts described above, together and singularly, was done "knowingly," and "intentionally" as those terms are used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## X. DAMAGES

42. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

43. As previously stated, the damages caused by the Covered Loss Event were not fully paid by Defendant and have not been properly addressed in the time since the covered loss event, causing further damages to Plaintiffs financially in terms of paying for covered losses when such obligation was that of Defendant, which has caused undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant's mishandling of Plaintiffs' claim in violation of the laws set forth above.

44. For breach of contract, Plaintiffs is entitled to regain the benefit of Plaintiffs' bargain, which is the amount of Plaintiffs' claim losses and expenses, together with attorney's fees.

45. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs asks for three times Plaintiffs' actual damages. TEX. INS. CODE §541.152.

46. For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiffs is entitled to the amount of Plaintiffs' claim, as well as ten percent (10%) interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

47. For breach of the common law duty of good faith and fair dealing, Plaintiffs is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

48. For fraud, Plaintiffs is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

49. For the prosecution and collection of this claim, Plaintiffs has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs is entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the

preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## XI.  RESERVATION OF RIGHTS

50. Plaintiffs reserves the right to prove the amount of damages at trial. Plaintiffs reserves the right to amend this petition to add additional counts upon further discovery as the investigation continues.

## XII.  CONDITIONS PRECEDENT

51. Pursuant to Rule 54 of the Texas Rules of Civil Procedure, all conditions precedent to Plaintiffs' right to recover herein have been performed or have occurred.

## XIII.  PRAYER

52. **WHEREFORE, PREMISES CONSIDERED**, Plaintiffs prays that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiffs requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on Plaintiffs' behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiffs may show Plaintiffs is entitled to.

Respectfully submitted,

**PALKER LAW FIRM, PLLC**
4428 S. McColl Rd.
Edinburg, TX 78539
Telephone: (956) 320-0270
Email: service@palkerlaw.com

By:    */s/ Chris J. Dobson*
       CHRIS J. DOBSON
       State Bar No. 24074140
       JASON PALKER
       State Bar No. 24108248

**ATTORNEYS FOR PLAINTIFFS**